## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE KIK USER ID:<br><br>*"intermomyn_3X3"*<br><br>THAT IS STORED AT PREMISES CONTROLLED BY MEDIALAB.AI INC. | Case No. 2:25-mc-00138-KFW<br><br>**FILED UNDER SEAL** |

### APPLICATION FOR ORDER COMMANDING MEDIALAB.AI INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT AND REQUEST TO SEAL

The United States requests that the Court order MediaLab.ai Inc. not to notify any person including the subscriber(s) and customer(s) of the account listed in Attachment A of the search warrant docket number 2:25-mj-00097-KFW of the existence of the warrant for 90 days, until June 15, 2025.

MediaLab.ai Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires MediaLab.ai Inc. to disclose certain records and information to HSI. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the

ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the above-referenced search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the target could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing MediaLab.ai Inc. not to disclose the existence or content of the search warrant until June 15, 2025, except that MediaLab.ai Inc. may disclose the above-referenced search warrant to an attorney for MediaLab.ai Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until June 15, 2025. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the target to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: March 14, 2025                    CRAIG M. WOLFF
                                                            ACTING UNITED STATES ATTORNEY

                                          By:   */s/ Anne Yereniuk*
                                                      Anne Yereniuk
                                                      Assistant United States Attorney
                                                      100 Middle Street
                                                      East Tower, 6th Floor
                                                      Portland, ME 04101
                                                      (207) 780-3257
                                                      Anne.Yereniuk@usdoj.gov